# IN THE COURT OF APPEALS OF IOWA

No. 20-1202
Filed October 6, 2021

ZACHARY TEW,
 Plaintiff-Appellant,

vs.

SPARBOE FARMS, INC. and
NATIONWIDE AGRIBUSINESS INSURANCE CO.,
 Defendants-Appellees.
_____

  Appeal from the Iowa District Court for Polk County, Robert B. Hanson,
Judge.

  Zachary Tew appeals the district court's ruling on judicial review upholding
the denial of worker's compensation benefits. **AFFIRMED.**

  Gregory M. Taylor of Cutler Law Firm, P.C., West Des Moines, for appellant.

  Deborah M. Stein of Law Office of Deborah M. Stein, Des Moines, for
appellees.

  Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**BOWER, Chief Judge.**

Zachary Tew appeals the denial of his claim for workers' compensation benefits from Sparboe Farms, Inc. and Nationwide Agribusiness Insurance Co. Finding no legal error and concluding substantial evidence supports the commissioner's final decision, we affirm.

### I. Background Facts & Proceedings.

In 2008, Tew was in a car accident, injuring his lower back. A back surgery resolved most of Tew's pain, and he resumed his normal activities, including basketball and cage boxing. Since the accident, every few months Tew would have flare-ups of sciatic and back pain he treated with muscle relaxers and opiate medications.

Tew worked as an egg stacker for Sparboe Farms from February 25 through May 26, 2016.[1] The job entailed repetitive lifting, twisting, and carrying packed egg cases to stack on a pallet. On May 10, Tew was at the doctor for a separate medical problem and reported back pain. He and the doctor discussed his history of pain and treatment.

On Wednesday, May 25, 2016, Tew's time card shows he left work after less than an hour. At the arbitration hearing, Tew reported he left that day for personal reasons not related to his back or pain but also testified he had noticed "sharper leg pains" that worsened through the day and night. However, in his deposition and interrogatories, Tew had reported working a full day, with pain increasing over the course of Wednesday and Thursday.

---

[1] This ninety-day employment at Sparboe Farms was Tew's longest period of employment.

At the end of the workday on Thursday, May 26, Tew had a positive three-month evaluation and was to get a raise.[2]  Tew states he was experiencing significant back pain at that time but told his supervisor Derek Holmes he had slept wrong; he did not report a work injury or otherwise link his pain to his work.  The office administrator for the facility, Morgan Shafer, noted on Tew's time card, "5-26, 2016, [Tew] called in stating he fell while mowing his lawn and injured his back.  Says he will bring a doctor's note."

Tew visited urgent care on May 27 for his back pain, but did not indicate a recent injury or trauma to his back, instead reporting the pain was the typical way his flare-ups would start.  At a June 2 follow-up, he again denied "any known injury."  By the end of June, the doctor noted Tew's gait was "almost back to normal" despite Tew's reported pain.  An MRI revealed a herniation consistent with his 2008 back injury.

Tew initially provided a doctor's note to Sparboe Farms excusing him from work from May 27 through June 12.[3]  Tew asked Shafer about medical leave, again telling her he "fell in a hole while he was mowing the lawn."[4]  Tew failed to provide another doctor's note after the first expired and failed to return to work.  Sparboe

---

[2] Tew had been written up at the end of April for excessive absence and tardiness. Tew was warned then that leaving early within thirty days would result in termination.

[3] Tew was not eligible for protected leave under the Family and Medical Leave Act (FMLA) due to his short period of employment.

[4] On July 26, Shafer emailed the senior human resources manager Nita Nurmi summarizing this meeting: "[Tew] told [Holmes] and I that he fell in his yard while mowing the lawn, and that it was NOT work related injury that's why he wanted to know about FMLA because he couldn't file workmans comp."

Farms terminated his employment on June 21. The termination entry stated, "Involuntary, unable to return to work, personal."

At the end of July, Tew reported to his doctor he was "seeing workmen's comp. for evaluation of th[e] issue." Each doctor visit after that referenced a work injury.[5] On July 25, Tew's attorney notified Sparboe Farms for the first time, Tew was claiming he injured himself at work on May 25 while stacking pallets.

Tew filed a petition for workers' compensation benefits on March 2, 2017, alleging back and body-as-a-whole injuries from repetitive work activities. An arbitration hearing on Tew's claim was held March 28, 2018. Tew and his mother testified, as did Sparboe Farms's human resources manager. Depositions of Tew, Shafer, and Holmes were submitted as evidence. The deputy commissioner found,

> Based on the inconsistencies in Tew's testimony, and all of the evidence, including his medical records, I do not find Tew to be a credible witness. Tew had a preexisting lumbar spine condition. Tew has not met his burden of proof he sustained an injury arising out of and in the course of his employment with Sparboe.

Tew appealed to the workers' compensation commissioner. The commissioner also found Tew was not credible and determined Shafer, Holmes, and Nurmi were all credible. The commissioner found three potential injury scenarios existed, and Tew "needed to provide convincing and credible testimony to explain the differences and convince the undersigned of the actual cause or

---

[5] At his initial visit with orthopedic surgeon Dr. David Hatfield—who had performed Tew's 2008 back surgery—Tew initially marked that it was *not* a worker's compensation injury, the problem began at home, and checked "no" about believing the pain related to a work injury with a lawsuit pending. He then corrected the form to indicate a work injury. He also described the problem as beginning "[s]uddenly (hours)" and having a start date of May 24, 2016.

mechanism of injury." Because of Tew's credibility issues and inability to convincingly refute the testimony from Shafer, Holmes, and Nurmi, the commissioner affirmed the arbitration decision.

Tew then sought judicial review. The district court found the commissioner's decision was supported by substantial evidence, relying on the commissioner's careful analysis of the medical records, the inconsistencies in Tew's testimony, and other credible evidence. The district court found, "the commissioner's decision was not irrational, illogical, or wholly unjustifiable," and noted that while the cumulative-injury doctrine could apply, Tew did not carry his burden to convince the commissioner it did apply. Because the commissioner's application of law was not shown to be erroneous and substantial evidence supported the decision, the court affirmed the commissioner's decision.

Tew appeals.

## II. Standard of Review.

"Judicial review of workers' compensation cases is governed by Iowa Code chapter 17A [(2020)]." *Warren Props. v. Stewart*, 864 N.W.2d 307, 311 (Iowa 2015). "On our review, we determine whether we arrive at the same conclusion as the district court." *Id.*

> Our assessment of the evidence focuses not on whether the evidence would support a different finding than the finding made by the commissioner, but whether the evidence supports the findings actually made. "Because the commissioner is charged with weighing the evidence, we liberally and broadly construe the findings to uphold his decision." In addition, we give due regard to the commissioner's discretion to accept or reject testimony based on his assessment of witness credibility.

*Schutjer v. Algona Manor Care Ctr.*, 780 N.W.2d 549, 557–58 (Iowa 2010) (citations omitted).  "We will reverse the commissioner's application of the law to the facts only if the commissioner's application is irrational, illogical, or wholly unjustifiable."  *Id.* at 558 (edited for readability) (citation omitted).

### III. Analysis.

Tew claims the commissioner misapplied the law to the facts of this case and asserts the commissioner's finding he did not sustain a cumulative work injury is not supported by substantial evidence.

**Cumulative-injury doctrine.**  A personal injury compensable under the workers' compensation statute meets four requirements: "(1) the claimant suffered a 'personal injury,' (2) the claimant and the respondent had an employer-employee relationship, (3) the injury arose out of the employment, and (4) the injury arose in the course of the employment."  *Meyer v. IBP, Inc.*, 710 N.W.2d 213, 220 (Iowa 2006).  "The failure of any one requirement results in a denial of a claim for benefits."  *Id.*

The commissioner found Tew failed to establish either that his injury "arose out of" or "in the course of" his employment.

> An injury "arises out of" the employment if a causal connection exists between the employment and the injury.  The injury arises "in the course of" employment when the injury and the employment coincide as to time, place, and circumstances.  Both tests must be satisfied for an injury to be deemed compensable.

*Id.* at 222 (citations omitted).  If the type of injury is "a rational consequence" of the hazard of the work performed, it *may* be enough to meet the "arising out of"

element—the causal connection to employment need not be a proximate-cause of the injury. *Id.* at 224.[6]

Tew asserts his back condition is a cumulative-injury arising out of his employment, stating it is a rational consequence of his work as an egg stacker. The commissioner found Tew's back injury *could* be the result of or aggravation from his work activities, but that Tew failed to prove by a preponderance of the evidence the injury arose out of his employment. The commissioner's application of law is not irrational, illogical, or wholly unjustifiable.

**Substantial evidence***.* Tew challenges the commissioner's determination substantial evidence does not support a work injury. He disputes the commissioner's finding he reported a fall—disputing the credibility of Shafer's deposition testimony—and asserts the medical experts agree his injury was caused by his employment.

Tew had a preexisting back condition with several flare-ups each year. At the time his disability manifested,[7] Tew specifically mentioned non-employment-related causes to his supervisor (i.e., slept on his back wrong) and the complex office administrator (i.e., fell while mowing the lawn). He did not tell anyone in

---

[6] Unlike this case, in *Meyer*, the only explanation for Meyer's injury was the type of work he was doing—the pain started during his training period at IBP while employed by a staffing agency, and worsened once a full employee at IBP. *See* 710 N.W.2d at 215–16. Meyer also reported the pain to his employer multiple times. *Id.*

[7] "We use the 'cumulative-injury rule' to establish the date of injury in repetitive-trauma cases. *Meyer*, 710 N.W.2d at 221. "The date of the repetitive-trauma injury under the cumulative-injury rule 'is the date on which disability manifests itself. *Id.* (citation omitted). That date is the date when the injury and its causal relationship to employment "would become plainly apparent to a reasonable person." *Id.* (citation omitted).

management the work was aggravating his injury. He asked about disability leave because he did not qualify for workers' compensation. And Tew failed to mention a work-related injury to his treating physicians or Sparboe Farms until filing his workers' compensation petition in late July.

Tew asserts his medical evidence is "uncontroverted" and describes the many discrepancies in his testimony as "minor." The commissioner discounted the medical professionals' causation determinations, noting several doctors had incomplete records of the injury time frame and did not address the possibility of a non-work-related injury. "When an expert's opinion is based upon an incomplete history, the opinion is not necessarily binding upon the commissioner." *Dunlavey v. Econ. Fire & Cas. Co.*, 526 N.W.2d 845, 853 (Iowa 1995). "The commissioner as trier of fact has the duty to determine the credibility of the witnesses and to weigh the evidence, together with the other disclosed facts and circumstances, and then to accept or reject the opinion." *Id.*

The commissioner found three plausible explanations for Tew's injury: a work injury or aggravation on May 25, as Tew claimed, a pre-existing degenerative condition, or an injury from personal activities including a fall while mowing. Tew specifically challenges the portion of Shafer's testimony about Tew attributing his injury to a fall while mowing.[8]

"[W]hen there are two competing accounts of a single event, the commissioner has the responsibility to weigh the evidence and consider the

---

[8] We note he does not dispute another critical piece of testimony about causation— Tew "wondered if he could file for . . . medical leave or FMLA or something like that because he couldn't file a workmen's comp claim."

credibility of the witnesses." *Schutjer*, 780 N.W.2d at 559. We defer to the commissioner's factual determinations when based on substantial evidence. *Id.* at 557. The commissioner specifically found Shafer's testimony credible. In contrast, the commissioner found Tew's testimony inconsistent, contradictory, and generally not credible: "While no single inconsistency is dispositive in this case, the number of inconsistencies, when viewed as a whole, significantly diminishes [Tew]'s credibility. For the above reasons, I find claimant is not credible."

It was Tew's burden to prove he sustained a work-related injury on or around May 25, 2016. The commissioner's finding of fact that he "failed to present sufficiently credible testimony to establish his injury occurred as a result of his work activities" is supported by substantial evidence in the record. We affirm the commissioner's findings and the district court ruling upholding the commissioner's decision.

**AFFIRMED.**